**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ABDULIABBAR ABDUL MALIK,**<br><br>  *Plaintiff,*<br><br> v.<br><br>**CABOT OIL & GAS CORPORATION, et al.,**<br><br>  *Defendants.* | **Civil Action No. 15-7078**<br><br>**OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Defendant Patterson-UTI Drilling Company's ("Patterson-UTI") motion to dismiss for lack of personal jurisdiction and for failure to properly effectuate service, Dkt. No. 2, and Defendant Cabot Oil & Gas Corporation's ("Cabot") motion to dismiss for lack of personal jurisdiction, or in the alternative to dismiss for failure to state a claim, Dkt. No. 7. Plaintiff Abdulliabbar Abdul Malik ("Plaintiff") opposes the motions. Dkt. No. 12. The Court has decided the motions on the papers pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the motions are **GRANTED**.

 **I. BACKGROUND**

This suit arises out of a slip and fall accident that occurred on a drill rig located in Montrose, Pennsylvania. Compl. ¶¶ 8, 10, Dkt. No. 1-1. On August 19, 2015, Plaintiff filed the instant action in the Superior Court of New Jersey, Law Division, Essex County against Cabot

1

and Patterson-UTI. Notice of Removal, Dkt. No. 1.[1] On September 24, 2015, Patterson-UTI removed the action to this Court based on diversity of citizenship. Id. Plaintiff alleges that Cabot owns the premises where Plaintiff was performing work in Montrose, Pennsylvania. Compl. ¶ 8. He alleges that on or about February 14, 2014, Plaintiff, while in the scope of his employment with Patterson-UTI, was seriously injured when he slipped and fell due to accumulated ice and snow on the work area, a drilling platform at Cabot's worksite. Id. ¶ 10. Plaintiff asserts a claim for negligence against Cabot, as owner of the premises. Id. ¶¶ 7-14. Plaintiff also asserts a claim for gross negligence against his employer, Patterson-UTI. Id. ¶¶ 15-20.

Plaintiff is a citizen of and currently resides in New Jersey. Compl. ¶ 1. Cabot is a Delaware corporation with a principal place of business located in Houston, Texas. Id. ¶ 2. Patterson-UTI is a Texas limited liability company with its registered office and principal place of business located in Houston, Texas. Cullifer Aff. ¶ 6.[2]

On October 1, 2015, Patterson-UTI moved to dismiss for lack of personal jurisdiction, and Defendant Cabot moved to dismiss for lack of personal jurisdiction, or in the alternative for failure to state a claim. Plaintiff opposed both motions. Dkt. No. 12.[3]

---

[1] On August 15, 2015, Plaintiff filed a virtually identical Complaint for the same injury in the United State District Court for the Middle District of Pennsylvania solely against Cabot, but voluntarily dismissed the action without prejudice.

[2] In the Complaint, Plaintiff improperly alleges that Patterson-UTI is a corporation with a principal place of business located at 950 Sathers Drive, Pittston, PA 18640. Compl. ¶ 3. While Patterson-UTI does have an office located in Pittston, it is not the registered office or principal place of business. See Cullifer Aff. ¶ 13. In his opposition brief, Plaintiff even admits that Patterson-UTI has its principal place of business in Houston, Texas and that the Pittston office is just a "place of business." See Pl. Opp. Br. at 1-2, Dkt. No. 12. Accordingly, for purposes of this motion, it is accepted that Patterson-UTI's principal place of business is in Houston, Texas.

[3] The only affidavit submitted in support of Plaintiff's opposition was an affidavit of his counsel, David T. Shivas. See Shivas Aff., Dkt. No. 12-3. In it, he states "Cabot is one of the largest producers of natural gas in the Marcellus Shale region, which encompasses a large section of

**II.     APPLICABLE LAW**

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). Although the plaintiff must ultimately prove personal jurisdiction by a preponderance of the evidence, such a showing is unnecessary at the early stages of litigation. Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). Rather, the plaintiff must "present[ ] a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Id. at 1223. Once the plaintiff meets this burden, the burden shifts to the defendant to establish the presence of other

---

eastern Pennsylvania, New York, and part of New Jersey. Id. ¶ 3. In support, he attaches an article that says that "[a] portion of the Marcellus Shale lies underneath the northwestern corner of New Jersey," and also identifies Cabot as a "[s]ignificant producer within the greater Marcellus Shale area." Id. ¶ 4; id. Ex. A, Dkt. No. 12-4 (emphasis added). He also attaches several other articles "highlighting Cabot's increasing role in production of the Marcellus Shale region of Pennsylvania." Id. ¶ 5; id. Ex. B, Dkt. No. 12-4 (emphasis added). Shivas also references three pipeline projects—the Columbia Pipeline's East Side Expansion Project, the Tennessee Pipeline's 300 Line project, and the Williams Transco Line—"in which Cabot is involved that extends into and run throughout portions of New Jersey." Id. ¶ 6. He asserts that "Cabot contracts with Columbia Gas Transmission, LLC for use of its pipelines to transport product from the Marcellus Shale area to Cabot's customers in the Eastern portion of the United States." Id. ¶ 7. Next, he notes that "Cabot also has an active agreement with Tennessee Gas Pipeline for Cabot's use of Tennessee's '300 Line,' which rungs across Pennsylvania and several northern counties in New Jersey." Id. ¶ 13. Finally, he asserts that "Cabot has also contracted with Williams Partners, LP for the use of its pipeline known as the Transco Line," which runs through a significant portion of New Jersey. Id. ¶¶ 19-20. As to Patterson-UTI, Shivas asserts that Patterson-UTI is a major drilling contractor in the "Marcellus region of Pennsylvania." Id. ¶ 27. He claims that Cabot conducted drilling activity in Montrose using Patterson-UTI's equipment and the extracted materials were transported by Cabot through and to New Jersey via the pipelines described herein. Id. ¶ 30. Apparently, Attorney Shivas suggests jurisdiction over both Defendants should be predicated on Defendants work in the Marcellus Shale region in Pennsylvania and on Cabot's contractual relationship with these third-party companies who have pipelines running through New Jersey.

considerations that would render the exercise of personal jurisdiction unreasonable. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992).

### III. ANALYSIS

A federal court sitting in diversity engages in a two-step inquiry to determine whether it may exercise personal jurisdiction. The court must first determine whether the relevant state long-arm statute permits the exercise of jurisdiction; if so, the court must then satisfy itself that the exercise of jurisdiction comports with due process. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998). New Jersey's long-arm statute extends the state's jurisdictional reach as far as the United States Constitution permits, so the analysis turns on the federal constitutional standard for personal jurisdiction. Id. at 259.

Personal, or in personam, jurisdiction, divides into two groups: "specific jurisdiction" and "general jurisdiction." Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." Walden v. Fiore, 134 S. Ct. 1115, 1121 n.6 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011)) (internal quotations omitted). General jurisdiction, on the other hand, "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit . . . ." Id.

Plaintiff claims the Court has both specific and general jurisdiction over both Defendants.[4] Plaintiff argues that this Court has specific and general jurisdiction over Cabot because: (1) Cabot conducts business in the Marcellus Shale region, which extends into New Jersey; (2) Cabot contracts to use pipelines in New Jersey for distribution, thereby placing its

---

[4] In his opposition brief, Plaintiff, at times, appears to conflate the standards and his arguments for general and specific jurisdiction over both Defendants.

product into the stream of commerce in New Jersey; and (3) it was reasonably foreseeable that a New Jersey resident would work at the Marcellus Shale site. Plaintiff contends that this Court has general and specific jurisdiction over Patterson-UTI on the grounds that: (1) Patterson-UTI has a systematic and continuous presence in New Jersey by way of its development in the Marcellus Shale region; (2) that Patterson-UTI's business activities are part of the commercial stream of natural gas that Cabot delivers through pipelines extending into New Jersey; and (3) Plaintiff's cause of action arises out of his interstate employment relationship with Patterson.

The Court will address both types of personal jurisdiction as to each Defendant in turn.

### A. General Jurisdiction

General jurisdiction is satisfied when the defendants' affiliations with the forum state are "so continuous and systematic as to render them essentially at home in the forum state." Goodyear, 131 S. Ct. at 2851 (internal citation and quotation marks omitted). For a corporate defendant, the main bases for general jurisdiction are (1) the place of incorporation; and (2) the principal place of business. Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014) (internal citations omitted). The Court does not have general jurisdiction over either Cabot or Patterson-UTI on either basis. Neither company is incorporated in or has a principal place of business in New Jersey.[5]

Aside from these exemplar bases, general jurisdiction may arise in the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." Id. at 761 n.19. As discussed below, Plaintiff's allegations,

---

[5] Cabot is a Delaware corporation with its principal place of business in Houston, Texas. See Delancey Aff. ¶ 1. Patterson-UTI is a Texas limited liability company with its registered office and principal place of business in Houston, Texas. See Cullifer Aff. ¶ 6.

taken as true, regarding Defendants' ties to New Jersey do not demonstrate the type of substantial or continuous and systematic contact that would render Defendants "at home" in the State.

As to Cabot, Plaintiff claims that Cabot has a systematic and continuous presence in New Jersey based on Cabot's work on the Marcellus Shale region, which extends into New Jersey, and on Cabot's contracts to use three pipelines that extend into New Jersey to transport its product. General jurisdiction over Cabot does not exist on either on these grounds.

Plaintiff has failed to set forth facts to demonstrate that Cabot is "at home" in New Jersey. Plaintiff acknowledges that Cabot works in the "Marcellus Shale region of Pennsylvania." See Shivas Aff. ¶ 5. Curiously, he then argues that because Cabot operates in the Marcellus Shale region, and the region extends into the "northwestern corner of New Jersey" that it somehow confers general jurisdiction over Cabot in New Jersey. Plaintiff, however, points to no evidence whatsoever that Cabot does any drilling in that area of New Jersey, and in fact, Cabot expressly denies that has ever "owned . . . exercised authority, responsibility, supervision or control over, job sites or work locations in New Jersey." See Delancey Aff. ¶ 14. Alternatively, Plaintiff argues that Cabot's contracts with third parties, such as Columbia Gas Transmission LLC, Tennessee Gas Pipeline and Williams Partners, LP, to use their pipelines to transport natural gas through New Jersey establishes "regular and continuous" contact with New Jersey. This is not the law. See Goodyear, 564 U.S. at 926-27. Such tenuous contact cannot establish that Cabot is "at home" in New Jersey.

Cabot has not consented to the exercise of personal jurisdiction over it in New Jersey. See Delancey Aff. ¶ 3. It does not have office or facilities in New Jersey; does not regularly conduct or transact business in New Jersey; and it does not own, lease, or operate real property in

New Jersey.  Id. ¶¶ 4-6.  Cabot does not pay property taxes in New Jersey; it does not have employees or agents in New Jersey; it does not have a bank account in New Jersey; and it does not have an agent appointed to accept service in New Jersey.  Id. ¶¶ 7-9.  It has no officers or directors in New Jersey; it does not maintain a post office box in New Jersey; it does not maintain a telephone or mailing address in New Jersey; it does not advertise in New Jersey; and it has not owed or exercised its authority, responsibility, supervision or control over, job sites or work locations in New Jersey.  See Delancey Aff. ¶¶ 10-14.  It is not "at home" in New Jersey.  A finding of general jurisdiction over Cabot under these circumstances would violate Due Process.

As to Defendant Patterson-UTI, Plaintiff claims that Patterson-UTI has a systematic and continuous presence in New Jersey by way of its development activities in the Marcellus Shale region.  Plaintiff essentially argues that Patterson-UTI's drilling activities for Cabot in Pennsylvania result in contact with New Jersey because Cabot utilizes pipelines that extend into New Jersey.  The Court disagrees.

Plaintiff fails to describe a single contact that Patterson-UTI itself has with New Jersey in relation to the sale or transport of natural gas.  Patterson-UTI admits that it provides drilling services to gas exploration and production companies throughout the United States.  See Cullifer Aff. ¶ 7.  It does not, however, regularly conduct business within the State of New Jersey; does not have an office in New Jersey; never provided drilling services in, conducted operations in, or otherwise had contact with New Jersey; is not registered to do business in New Jersey; and does not have a registered office in New Jersey.  Id. ¶¶ 8-10.  Plaintiff has failed to identify a single activity by Patterson-UTI that establishes the requisite presence in the State.

Accordingly, the Court does not have general jurisdiction over Cabot or Patterson-UTI.

### B. Specific Jurisdiction

Unlike general jurisdiction, specific jurisdiction does not require continuous and systematic contact with the forum. Specific jurisdiction over a defendant exists when that defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (internal quotations and citations omitted). The inquiry into whether a forum state may assert specific jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." Walden, 134 S. Ct. 1115 at 1121.

This inquiry has three parts: (1) the defendant must have "purposefully directed [its] activities" at the forum; (2) the litigation must "arise out of or relate to" at least one of those activities; and (3) if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted).

As to Cabot, Plaintiff claims Cabot's contractual use of pipelines owned by third-parties in New Jersey to transport its product establishes purposeful availment into New Jersey. The alleged injuries here, however, must arise out of or relate to Defendant's activities in the forum. Plaintiff's personal injury claims based on a slip and fall on a drilling platform in Pennsylvania do not "arise out of or relate to" Cabot's use of the pipelines. Plaintiff also claims specific jurisdiction over Cabot based on the reasonable foreseeability that a New Jersey resident would work at the Marcellus Shale site. But the inquiry into whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the

forum, and the litigation." Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984)). Moreover, here, Plaintiff was employed by Patterson-UTI, not Cabot. Thus, any relationship with New Jersey based on Plaintiff's employment was not created by Cabot's activities in the forum.

As to Patterson-UTI, Plaintiff claims specific jurisdiction exists because Plaintiff's claims arise out of his "interstate employment relationship" with Patterson-UTI. Plaintiff also claims, without citation to any evidence, that Patterson-UTI recruited employees and advertised employment positions in New Jersey. Both are insufficient to establish specific jurisdiction over Patterson-UTI.

In determining whether personal jurisdiction is appropriate, Defendant's "forum-related conduct must form the basis of the alleged injuries and resulting litigation." Osteotech, Inc. v. GenSci Regeneration Sciences, 6 F. Supp. 2d 349, 355 (D.N.J. 1998). Here, these purported activities which are not even supported by the record—advertising and recruiting New Jersey residents and employing Plaintiff—bear no relationship to Plaintiff's personal injury claim that arose from slip and fall on a drilling platform at a Pennsylvania worksite.

### C. Jurisdictional Discovery

Plaintiff claims jurisdictional discovery is necessary. As to Cabot, Plaintiff seeks discovery on topics including, but not limited to, Cabot's amount of control and supervision of the work site where Plaintiff was injured, its level of interaction with Patterson at the work site, its level of interaction with Patterson with respect to Plaintiff's employment and the qualification of those working on the site, and condition of the site with respect to the overall safety of workers and others. See Op. Br. at 9-10, Dkt. No. 12. As to Patterson-UTI, Plaintiff also claims

"Patterson's motion also raises significant issues that may only be resolved by taking discovery," id. at 11, but fails to detail what discovery is needed.

"[J]urisdictional discovery is not available merely because the plaintiff requests it." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 108 n.38 (3d Cir. 2015). "If the plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010) (quoting Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455 (3d Cir. 2003)).  A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.  Belden Techs., Inc. v. LS Corp., 626 F. Supp. 2d 448, 459 (D. Del. 2009).  Plaintiff seeks discovery about the conduct and conditions at the worksite located in Pennsylvania.  Such discovery is not relevant to a determination of whether this Court has personal jurisdiction over Cabot or Patterson-UTI in New Jersey.  Accordingly, the request is denied.

### IV.  CONCLUSION

For the reasons set forth herein, Defendants' motions to dismiss for lack of personal jurisdiction, Dkt. Nos. 2, 7, are **GRANTED**.[6]  An appropriate Order accompanies this Opinion.

**Dated: May 19, 2016**               */s Madeline Cox Arleo*  
                                                    **MADELINE COX ARLEO**  
                                                    **UNITED STATES DISTRICT JUDGE**

---

[6] Because the Court lacks jurisdiction over this matter, it will not address Patterson-UTI's argument for failure to properly serve and Cabot's argument for failure to state a claim.